**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| | ) | |
| SHAHIOA GANS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 25-cv-0106 (APM) |
| | ) | |
| OFFICER N. AHMED, BADGE | ) | |
| NO. 4777 et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

**MEMORANDUM OPINION**

**I.**

This action arises from a traffic stop of pro se Plaintiff Shahioa Gans by officers of the D.C. Metropolitan Police Department (MPD) on January 23, 2022. *See* Notice of Removal of a Civil Action, ECF No. 1, Am. Compl., ECF No. 1-9, at 17–27. Plaintiff's suit centers on the allegation that, when Defendant Officer Nizam Ahmed approached her car, "he instructed her to roll her window down and pointed his gun at her head putting Ms. Gans' life in danger," *id.* ¶ 10, and that other officers present did not intervene and instead mocked and laughed at her, *id.* ¶¶ 14–15. Plaintiff brings claims of excessive force under Section 1983, assault, and intentional infliction of emotional distress (IIED) against Officer Ahmed. She also advances claims of IIED and by-stander liability against two other officers, Defendants Officer Darajah People and Sergeant Andrew Weiss. *Id.* ¶¶ 38–61. After a period of discovery, Defendants now move for summary judgment. *See* Defs.' Mot. for Summ. J., ECF No. 16 [hereinafter Defs.' Mot.]. For the reasons explained below, the motion is granted.

**A.**

Defendants assert as an undisputed fact that Officer Ahmed only unholstered his gun but never pointed it at Plaintiff during the traffic stop.  Defs.' Mot., Defs.' Stmt. of Material Facts as to Which There is No Genuine Disp., ECF No. 16 [hereinafter Defs.' SUMF], at 20–21 ¶¶ 13–14, 16–17.  Defendants supporting evidence includes body worn camera (BWC) footage from various officers at the scene, including Officer Ahmed.  *See* Defs.' Mot., Exs. B–C & G–L, ECF Nos. 16-2 [hereinafter Ex. B], 16-3 & 16-7, 16-8, 16-9.  None shows Officer Ahmed pointing a gun at Plaintiff at any point.  Additionally, Exhibits D and E are videos from Plaintiff's cell phone recorded by her while inside her car during the stop.  Exhibit D shows Officer Ahmed approaching Plaintiff's car.  He can be seen carrying a flashlight in his right hand and sliding his gun down into his holster with his left hand.  *See* Defs.' Mot., Ex. D, ECF No. 16-4.  Plaintiff can be heard in the video saying, "they got their guns out."  *Id*.  Exhibit E depicts Officer Ahmed standing at the open front passenger-side window, holding a flashlight in his right hand, and shining it into Plaintiff's car for almost thirty seconds.  Defs.' Mot., Ex. E, ECF No. 16-5.  His gun remained holstered throughout.  Plaintiff says multiple times that Officer Ahmed was "trying to practice shooting."  *Id*.  The same video shows a different officer just outside of the driver-side door.  That officer simply is standing there; he does not laugh or make any gesture toward Plaintiff.  *Id.*

In addition to video evidence, Officer Ahmed attested in interrogatory responses that he "never pointed his service weapon at Plaintiff" and "unholstered his weapon for safety" only.  Defs.' Mot., Ex. A, ECF No. 16-1, at 6, 12; *id.*, Ex. F, ECF No. 16-6 [hereinafter Ex. F], at 3.  He unholstered his service weapon "because of his observations of Plaintiff's erratic driving and Plaintiff's heavily tinted windows."  Ex. F at 3.  He "re-holstered his service weapon once

Plaintiff's car windows were rolled down and another officer made contact on the other side of Plaintiff's car." *Id.*

**B.**

The court issued an order warning Plaintiff that if she failed to respond to the motion, her case could be dismissed. Order, ECF No. 19, at 1–3. Plaintiff did not docket a timely response. Instead, she relied on several "exhibits" she forwarded to the court.[1] They include two cell phone videos, one of which is the same as Defendants' Exhibit D. The court refers to this as PX 1. The other cell phone video appears to be an unrelated interaction with MPD officers. The remaining submissions are: (1) a still image from PX 1 showing Officer Ahmed with his hand on his partially holstered gun, (2) two still images showing an officer near Plaintiff's car, (3) a still image of two officers from an unknown source, (3) images of two traffic tickets, (4) screenshots of emails concerning the traffic tickets, (5) a screenshot of her auto insurance card, (6) a screenshot of a partial news story about an investigation involving MPD officers, and (7) a screenshot of a summary of the Supreme Court's decision in *Graham v. Connor*, 490 U.S. 386 (1989). Plaintiff also forwarded a text file, stating:

> Your Honor In the deposition that was held on August 14, 2025. Officer Ahmed lawyer stated Officer Ahmed only put his hand on his gun. I explained to him several times that the footage was redacted. The footage was redacted to remove the gun officer Ahmed pulled out and pointed at me. To remove the gun from the video is evidence tampering. At the end of the deposition i told his lawyer i have video taped Officer Ahmed. You can see Officer Ahmed putting his gun back in the holster after he pointed it at me for several seconds. I was complaint i immediately pulled over. He got out of the police car and immediately pulled out his gun point it

---

[1] On April 3, 2026, Plaintiff called and emailed chambers to inquire whether the court had received her evidentiary submission. The court confirmed its receipt of the exhibits and further advised that parties ordinarily filed such responses on the docket. On April 4, 2026, Plaintiff informed the court that she had tried to file via CM/ECF without success. On April 6, 2026, Plaintiff was told that, if unable to file electronically, she could file in person at the clerk's office. The court received a properly docketed filing on April 8, 2026, from Plaintiff. Those exhibits were five still image screenshots of Officer Ahmed with his hand on his partially holstered gun. The court has considered all of Plaintiff's evidentiary submissions.

at me. Pointing a gun at a motorist that's non-threatening or posing any imminent danger to a officer or others is excessive force. Officer Ahmed said i ran a stop sign and was driving erratic but he did not issue a ticket for either. Pointing a fire arm is a high level of force. MPD policies state that de-escalation techniques should be tried before force is used. I was not a threat to any of the officers, i was not fleeing from a crime. I had not committed a crime. I complied by pulling over. The footage his lawyer submitted did not show him putting the gun back in holster. Why was the body camera footage redacted to remove a gun from Ahmed hands? Its a credibility issue which a jury need to resolve. This video evidence creates a genuine dispute of Material fact. Rule 56 of the Federal Rules of Civil procedure in federal courts say Summary judgment is granted when there is no genuine dispute of Material facts. There are issues of genuine dispute of Material Facts, because of this i ask that summary judgment be denied.

## II.

The court agrees with Defendant that there is no genuine dispute of fact as to Plaintiff's central contention that Officer Ahmed pointed a gun at her during the traffic stop. Defendants' Exhibit D shows Officer Ahmed holding his gun in his left hand and sliding it into his holster. This action takes approximately one second. The gun is pointed toward the ground throughout. Defendants' Exhibit B is Officer Ahmed's BWC footage, and it shows him exiting his car and approaching Plaintiff's car seconds later, but it does not depict him removing his gun, let alone pointing it at Plaintiff.[2]  *See* Ex. B.  No video evidence captures Officer Ahmed doing what Plaintiff alleges.

That leaves only Plaintiff's assertions in the text file. That proof fails to create a genuine dispute of fact for two reasons.

First, Plaintiff's statement is neither sworn nor signed under penalty of perjury. It is therefore not competent evidence and cannot create a genuine dispute of fact as to whether

---

[2] To be sure, it is unclear whether the body camera's placement in the center of Officer Ahmad's chest would have captured his arm if he had extended it and pointed the gun.

Officer Ahmed pointed his gun at her.  *See Kirkland v. McAleenan*, No. 13-cv-194 (RDM), 2019 WL 7067046, at *19 (D.D.C. Dec. 23, 2019) (explaining that to qualify as an affidavit it must be sworn and to qualify as a declaration it must be made under penalty of perjury); *Anand v. U.S. Dep't of Health & Hum. Servs.*, No. 21-cv-1635 (CKK), 2023 WL 2645649, at *8 (D.D.C. Mar. 27, 2023) (disregarding on summary judgment pro se plaintiffs' statements that were neither sworn nor affirmed under penalty of perjury); *see also Oviedo v. Washington Metro. Area Transit Auth.,* 948 F.3d 386, 397 (D.C. Cir. 2020) ("While we liberally construe *pro se* pleadings, *pro se* litigants do not have a 'license' to 'ignore the Federal Rules of Civil Procedure.'").

Second, Plaintiff's claim that Officer Ahmed's BWC video was redacted or tampered with is "unsupported by evidence and purely speculative." *Light v. Mills*, 895 F. Supp. 2d 191, 196 (D.D.C. 2012).  Defendants have submitted a declaration attesting that the BWC footage "ha[s] not been redacted, edited, or otherwise modified in any way." Defs.' Mot., Ex. M, ECF No. 16-10 ¶ 10.  Plaintiff's bald assertion to the contrary is not sufficient to create a genuine dispute of material fact.

Plaintiff has failed to sustain her burden.  She has not come forward with admissible evidence that establishes a genuine dispute of material fact that Officer Ahmed "pointed his gun at her head" during the traffic stop or that any officer laughed at and mocked her.  Accordingly, her claims fail for lack of proof.

**III.**

Even if Plaintiff's bare statement could create a genuine dispute of fact, entry of summary judgment still would be warranted.  As to her excessive force claim, Officer Ahmed is entitled to qualified immunity.  Plaintiff has identified no case that would place the constitutionality of his conduct "beyond debate." *Dist. of Columbia v. Wesby*, 583 U.S. 48, 63 (2018) (quoting *Ashcroft*

*v. al–Kidd*, 563 U.S. 731, 741 (2011)).  Her citation to *Graham v. Connor* does not help.  Although that case addressed the applicable standard in excessive force cases, it did not involve the drawing of a weapon.  *See* 490 U.S. at 388–90.  *See Zorn v. Linton*, 146 S. Ct. 926, 930 (2026) ("To find that a right is clearly established, courts generally 'need to identify a case where an officer acting under similar circumstances . . . was held to have violated' the Constitution.") (quoting *Escondido v. Emmons*, 586 U.S. 38, 43 (2019) (per curiam)).

Officer Ahmed also prevails on the assault claim.  Even if he had drawn his gun for mere seconds as he approached the rear of her car and then holstered it as he reached the rear passenger-side window, Plaintiff has not established that such act constituted "clearly excessive" force.  *Rogala v. Dist. of Columbia*, 161 F.3d 44, 57 (D.C. Cir. 1998).  Nor can her IIED claim succeed.  Even under Plaintiff's version of events, Officer Ahmed did not apply "a serious [quantum] of excessive force." *Id.* at 58 (alteration in original) (citation omitted).[3]

Finally, her IIED claim fails against the other officers because the mocking conduct Plaintiff alleges is neither supported by the evidence nor the kind of extreme conduct required to make out such a claim.  *See id.* at 57–58; *see also* Defs.' SUMF at 22 ¶¶ 27–33.  The bystander liability claim fails too, as Plaintiff has not offered any evidence to contradict Defendants' assertion that neither Officer People nor Sergeant Weiss saw Officer Ahmed point his gun at Plaintiff.  Defs.' SUMF at 22 ¶¶ 26–27.

---

[3] In addition, Officer Ahmed enjoys a qualified privilege as to the tort claims.  *See Scales v. Dist. of Columbia*, 973 A.2d 722, 730 (D.C. 2009) (discussing both the subjective and objective components of qualified privilege under District of Columbia law).  He has attested to his belief concerning why it was appropriate to unholster his service weapon, *see supra* Section I.A., and his use of force was not excessive, *see Rogala*, 161 F.3d at 57 (stating that the objective force element is similar to the excessive force standard under Section 1983).

For the foregoing reasons, Defendants' Motion for Summary Judgment, ECF No. 16, is granted. A separate final order accompanies this Memorandum Opinion.

Dated: April 9, 2026

Amit P. Mehta
United States District Judge